1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   William Giddings,                )   No. 05-CV-1052-PHX-FJM
                                      )
10              Plaintiff,            )   **ORDER**
                                      )
11  vs.                              )
                                      )
12                                    )
    Joseph M. Arpaio,                )
13                                    )
                Defendant.            )
14                                    )
                                      )
15

16          Plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming that the conditions

17  of confinement at the Durango Jail violated his Eighth Amendment rights.  Complaint at

18  4-6.  The court has before it defendant's Motion to Dismiss (doc. 10).  Plaintiff failed to

19  file a response.

20          Plaintiff is precluded from bringing this action unless administrative remedies are

21  exhausted.  42 U.S.C. § 1997e(a).  Defendant argues that plaintiff failed to exhaust the

22  required administrative remedies.  Motion to Dismiss at 3-4.  It is undisputed that plaintiff

23  did not file a grievance as required by the Inmate Grievance Procedure.  Complaint at 4-6;

24  Motion to Dismiss, Exhibit A.

25          Plaintiff states that he did not submit a request for administrative relief because

26  "[t]his is not a greivable matter."  Complaint at 5-6.  There is however no restriction on

27  the type of grievance allowed pursuant to the Inmate Grievance Procedure.  Motion to

28  Dismiss at 3; Motion to Dismiss, Exhibit A.

1      Plaintiff also states that he did not submit a request for administrative relief

2 because "[g]reivances are ignored and result in inmates being singled out for retaliation

3 and additional restrictions."   <u>Complaint</u> at 4.   Without more, plaintiff's conclusory

4 allegations are insufficient to prove that the administrative remedies are unavailable.

5 Accordingly, we conclude that plaintiff failed to exhaust his administrative remedies.

6      Moreover, plaintiff's failure to respond to the Motion to Dismiss serves as an

7 additional, independent reason to grant the motion.   Failure to respond to a motion "may

8 be deemed a consent to the . . . granting of the motion, and the Court may dispose of the

9 motion summarily." LRCiv 7.2(i).

10      Accordingly, **IT IS ORDERED GRANTING** defendant's Motion to Dismiss

11 (doc. 10).

12      DATED this 14th day of December, 2005.

13

14

15 _____
Frederick J. Martone
United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28